**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110133

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELE OCHOA and CAROLYN ERAZO,<br><br>Plaintiffs,<br><br>vs.<br><br>DIVERSIFIED CONSULTANTS INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

MICHELE OCHOA and CAROLYN ERAZO (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against DIVERSIFIED CONSULTANTS INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiffs owe a debt ("the debts").

11. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect Plaintiff OCHOA's alleged debt, Defendant contacted Plaintiff OCHOA by letter dated August 17, 2015. ("Exhibit 1.")

15. In its efforts to collect Plaintiff ERAZO's alleged debt, Defendant contacted Plaintiff ERAZO by letter dated July 16, 2015. ("Exhibit 1.")

16. The letters were the initial communication to each Plaintiff received from Defendant.

17. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF OCHOA**

18. Plaintiff OCHOA repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692g provides that within five days after the initial communication

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

21. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

22. The letter to Plaintiff OCHOA fails to disclose whether the balance may increase due to interest and fees.

23. The letter only gives a "Current Balance."

24. Plaintiff OCHOA was misled to believe the debt could be paid in full by remitting the sum stated in the letter at any time after receipt of the letter.

25. The least sophisticated consumer would be confused as to how she could satisfy the debt.

26. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum stated in the letter at any time after she received the letter.

27. Such a belief may or may not be correct, as the letter fails to disclose whether the balance may increase due to interest and fees.

28. If interest continues to accrue after the date of the letter, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate.

29. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum stated in the letter at any time after the date of the letter.

30. Defendant failed to clearly state the amount of the debt.

31. Defendant failed to unambiguously state the amount of the debt.

32. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

33. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

34. Because of this failure, Plaintiff OCHOA was confused as to the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

35. Because of this failure, Plaintiff OCHOA was uncertain as to the amount of the debt.

36. Defendant has violated the FDCPA because the letter fails to disclose whether the balance may increase due to interest and fees.

37. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO PLAINTIFF OCHOA

38. Plaintiff OCHOA repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

42. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

43. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

44. The letter to Plaintiff OCHOA fails to disclose whether the balance may increase due to interest and fees.

45. Plaintiff OCHOA was unaware of whether the balance may increase due to interest and fees.

46. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF ERAZO**

47. Plaintiff ERAZO repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

50. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

51. The letter to Plaintiff ERAZO fails to disclose whether the balance may increase due to interest and fees.

52. The letter only gives a "Current Balance."

53. Plaintiff ERAZO was misled to believe the debt could be paid in full by remitting the sum stated in the letter at any time after receipt of the letter.

54. The least sophisticated consumer would be confused as to how she could satisfy the debt.

55. The least sophisticated consumer might believe she could pay the debt in full by remitting the sum stated in the letter at any time after she received the letter.

56. Such a belief may or may not be correct, as the letter fails to disclose whether the balance may increase due to interest and fees.

57. If interest continues to accrue after the date of the letter, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate.

58. Conversely, the least sophisticated consumer might believe she may pay the debt in full by remitting the sum stated in the letter at any time after the date of the letter.

59. Defendant failed to clearly state the amount of the debt.

60. Defendant failed to unambiguously state the amount of the debt.

5

61. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

62. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

63. Because of this failure, Plaintiff ERAZO was confused as to the amount of the debt.

64. Because of this failure, Plaintiff ERAZO was uncertain as to the amount of the debt.

65. Defendant has violated the FDCPA because the letter fails to disclose whether the balance may increase due to interest and fees.

66. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO PLAINTIFF ERAZO

67. Plaintiff ERAZO repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

70. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

71. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

72. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

73. The letter to Plaintiff ERAZO fails to disclose whether the balance may increase due to interest and fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

74. Plaintiff ERAZO was unaware of whether the balance may increase due to interest and fees.

75. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**As to Plaintiff OCHOA**

76. Plaintiff OCHOA repeats and realleges the foregoing paragraphs as if fully restated herein.

77. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

78. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

79. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

80. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

81. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

82. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

83. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

84. Defendant's letter to Plaintiff OCHOA fails to explicitly identify the name of the creditor to whom the debt is owed.

85. Defendant's letter states, "Verizon."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

86. "Verizon" is not specific enough to apprise Plaintiff OCHOA of the identity of the creditor to whom the debt is owed.

87. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

88. Conversely, there are ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon."

89. The least sophisticated consumer would likely be confused as to which of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

90. The least sophisticated consumer would likely be uncertain as to which of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the creditor to whom the debt is owed.

91. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

92. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

93. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

94. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

95. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed
### As to Plaintiff OCHOA

96. Plaintiff OCHOA repeats and realleges the foregoing paragraphs as if fully restated herein.

97. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8

98. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

99. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

100. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

101. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

102. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

103. Conversely, there are ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon."

104. The collection letter could be read to mean any one of these ninety-one (91) disparate entities.

105. Because the collection letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

106. The least sophisticated consumer would likely be deceived by Defendant's conduct.

107. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

108. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SEVENTH COUNT
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**As to Plaintiff ERAZO**

109. Plaintiff ERAZO repeats and realleges the foregoing paragraphs as if fully restated herein.

110. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer a written notice containing certain enumerated information.

111. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

112. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

113. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

114. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

115. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

116. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

117. Defendant's letter to Plaintiff ERAZO fails to explicitly identify the name of the creditor to whom the debt is owed.

118. Defendant's letter states, "Sprint."

119. "Sprint" is not specific enough to apprise Plaintiff ERAZO of the identity of the creditor to whom the debt is owed.

120. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

121. Conversely, there are forty-seven (47) disparate entities registered in New York that begin their legal name with "Sprint."

122. The least sophisticated consumer would likely be confused as to which of the fourth-seven (47) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

123. The least sophisticated consumer would likely be uncertain as to which of the forty-seven (47) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

10

124. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

125. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

126. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

127. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

128. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### EIGHTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed
### As to Plaintiff ERAZO

129. Plaintiff ERAZO repeats and realleges the foregoing paragraphs as if fully restated herein.

130. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

131. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

132. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

133. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

134. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

135. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

136. Conversely, there are fourth-seven (47) disparate entities registered in New York that begin their legal name with "Sprint."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

137. The collection letter could be read to mean any one of these forty-seven (47) disparate entities.

138. Because the collection letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

139. The least sophisticated consumer would likely be deceived by Defendant's conduct.

140. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

141. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

142. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

   a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff OCHOA pursuant to 15 U.S.C. § 1692k; and

   b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff ERAZO pursuant to 15 U.S.C. § 1692k; and

   c. Plaintiffs' actual damages; and

   c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   d. Plaintiffs' costs; all together with

   e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: June 30, 2016

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiffs*
        Our File No.: 110133